UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH GONZALES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>C. KOENIG,<br><br>　　　　　Respondent. | No. 1:19-cv-01744-DAD-SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>(Doc. No. 6) |

Petitioner Ralph Gonzales is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 20, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the pending petition (Doc. No. 1) be dismissed for lack of jurisdiction. (Doc. No. 6.) Specifically, the findings and recommendations concluded that the pending petition is a second or successive petition and that petitioner has not first obtained leave from the Ninth Circuit Court of Appeals to proceed with such a petition as is required. (*Id.* at 2.)

The findings and recommendations were served by mail on petitioner at his address of record on December 20, 2019 and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 3.) No objections to the pending findings and

recommendations have been filed with the court, and the time for doing so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).

Where, as here, "the court denies habeas relief on procedural grounds without reaching the prisoner's underlying constitutional claims," the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But "[w]here a plain procedural bar is present . . . a reasonable jurist [cannot] conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Because the petitioner's pending application is clearly barred on jurisdictional grounds, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on December 20, 2019 (Doc. No. 6) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is dismissed for lack of jurisdiction because it is an unauthorized second or successive petition;

/////

/////

/////

/////

2

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: __**March 13, 2020**__  _____
UNITED STATES DISTRICT JUDGE